[S. F. No. 2637. Department Two.—September 30, 1903.]

J. W. REAY, Appellant, v. MABEL TREADWELL et al., Respondents.

ACTION TO SET ASIDE JUDGMENT—CLEAR SHOWING REQUIRED.—A court of equity, in an independent proceeding, will not set aside the judgment of another court, except upon a very clear and satisfactory showing.

ID.—FINDINGS AGAINST PLAINTIFFS—CONCLUSIVENESS.—Where the court found upon sufficient evidence that the averments relied upon to sustain the action to set aside the judgment were not true, the findings are conclusive of the case as against the plaintiff.

ID.—EVIDENCE—EXCLUSION OF CONCEALED DEPOSITION—EJECTMENT—IMMATERIALITY.—Where the plaintiff relied upon the concealment and suppression by the defendants of a deposition in support of the plaintiff's case against them in an action of ejectment, the exclusion of such deposition was not erroneous, where it appears that if it had been introduced in evidence in the action of ejectment the result would have been the same, since the plaintiff had to rely upon the strength of his own title, and the deposition had no bearing on that point.

ID.—IMMATERIAL FINDINGS.—Findings other than those touching the subject of fraud in obtaining the judgment, which were unnecessary and erroneous, have no legal significance for any purpose.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

W. W. Foote, T. M. Osmont, and J. B. Mhoon, for Appellant.

Campbell, Metson & Campbell, Garber, Boalt & Bishop, and William Rix, for Respondents.

THE COURT.—This is a suit in equity to have set aside and declared null and void a certain judgment in a case entitled J. W. Reay v. John Butler et al., rendered and entered in the superior court on the sixth day of August, 1887. Judgment went in the court below for defendants, and appellant appeals from the judgment and from an order denying his motion for a new trial.

The grounds of the action are certain alleged extrinsic frauds averred to have been perpetrated by the defendants at the trial of the case in which the judgment sought to be vacated was obtained, by which appellant, without any negligence or fault on his part, was precluded from having a fair trial, etc. The main averments are, that a deposition of one Frederick Killian, which had been taken on behalf of appellant, had been removed from the files of the superior court by J. P. Treadwell, who at that time was a party to the action, but has since died, and that his executrix, Mabel Treadwell, who afterwards was substituted for him as a party to the action, secreted said deposition and prevented appellant from using the same; also that said Mabel Treadwell caused a witness for appellant named Markgraf to become intoxicated and to be hidden away so as to prevent him from being a witness at the trial; and that appellant could not get other evidence to supply the place of said deposition and the testimony of said Markgraf, and that appellant himself was not guilty of any negligence in the premises. The court below found that these averments, and some other minor allegations, were not true; and as there was evidence to support the findings they are conclusive of the case against appellant; for a court of equity, in an independent proceeding, will not set aside a solemn judgment of another court except upon a very clear and satisfactory showing. Appellant contends that the court made some erroneous rulings on the admissibility of evidence. We do not think that any of these rulings were erroneous, and the matters involved in them were immaterial. It is

mainly contended that the court erred in sustaining objections to the introduction of the said deposition above referred to, but we think that this ruling was correct for various reasons given by respondents.  Moreover, if the deposition, which is in the record, had been formally admitted in evidence, the result must have been the same.  The action of Reay *v.* Butler and others was an action of ejectment in which plaintiff had to rely on the strength of his own title, and the deposition had no bearing on that point.  (See *Reay* v. *Butler,* 95 Cal. 206.)  There is really nothing in the case which would have warranted the trial court in overturning the former judgment; and we see no other points necessary to be specially noted.

The judgment and order appealed from are affirmed.

A rehearing in Bank was denied October 30, 1903.  The court in Bank, in passing upon the petition, modified the opinion so as to read as above set forth.  The court in Bank further said:—

THE COURT.—The court below also made findings other than those touching the subject of fraud in obtaining the judgment; those other findings were unnecessary and erroneous, and have no legal significance for any purpose whatever.